Horace Maynard, Special J.,
delivered the opinion of the Court.
On the 23d of September, 1843, a tract of three thousand acres of land was granted by the State of Tennessee to one Hyder, who, on the 1st of August, 1849, conveyed to Richardson two several pieces of it, estimated to contain twenty-one acres. On the 10th of September, 1849, the State granted to one Heatherly, a *29 tract of fourteen acres. This grant covers a portion of the land conveyed to Richardson. There was no enclosure on the land by either party up to the bringing of this suit, (March 8, 1857.) Cass,-by authority ofHeath-erly, went upon the land and prepared what the witnesses call a “wash-place,” that is, an artificial pool to wash iron ore in, for the use of a neighboring forge. This description is given by a witness: “Wash-places are made of divers troughs and platforms; that is, a log is put across the creek, and rocks and sand thrown in to raise the water a little, a trough to wash in, some plank to throw the ore on after it is washed.” Three of these same structures have been prepared within the limits of the disputed lands, by Heatherly’s permission, subsequent to the date of his grant.
This cause, though in form an action of trespass, is obviously a test of the respective titles. Richardson’s title was manifestly superior, unless that of Heatherly, under which Cass seeks to defend, was perfected by the Statute of limitations, and an adverse possession of some parts (!) before the institution of the suit. To constitute possession of land, a building, or an enclosure of some sort, is, in general, necessary. An exception is made of lands unfitted for residence or cultivation. In such cases, if they are used, under a claim of adverse ownership, for the only purposes they are fit for, this is possession. Eor example:- an ore bank, a coal ravine, a sand pit, a stone quary, a meadow below tide water, might be reduced to possession, without being built upon or enclosed.
Whether the use of the creek in this instance, for washing iron ore, comes within the principle of the ex *30 ceptions, it is unnecessary to decide. The Circuit Judge held that it does, “if the land was wild, mountainous land, not susceptible of cultivation or permanent improvement — not suitable to the ordinary purposes of enjoyment.” This is certainly going to the verge of the law; and if it is an error, it was not to the prejudice of the defense.
It is insisted, however, that the charge is defective, in not looking to the use of the wash-place as a water privilege. We are not prepared thus to dignify the employment of the stream shown in this record. The parties, themselves, do not appear to have taken this view of the case, upon the trial; and not having requested a charge to that effect, they could not assign error upon the failure of the Judge to give such instruction.
Perceiving no error in the record, we affirm the judgment.